STATE OF MAINE                                           \_ JPERIOR COURT
PENOBSCOT, SS.                                         Docket No. RE-98-14

ESTATE OF MARY DIXON,          )
            Plaintiff,          )
                                )              DONALD L. GARBRECHT
                                )                  LAW LIBRARY
            v.                  )
                                )                  DEC 20 2002
                                )
KENNETH WENTWORTH and           )
PATRICK AUDET, JR.,             )              **DECISION AND JUDGMENT**
            Defendants/    )
        Third Party Plaintiffs.)              *TITLE TO REAL ESTATE INVOLVED*
                                )
                                )
            v.                  )
                                )
ROBERT A. DIXON,                )
        Third Party Defendant.  )

FILED AND ENTERED
SUPERIOR COURT

DEC 11 2002

PENOBSCOT COUNTY

Trial held: October 7, 2002.

This is the second round of litigation between many of the parties to Wentworth v. Dixon (Penobscot County Docket Number CV-94-531), decided by this court on July 29, 1997, concerning a parcel of property located on Route 1A in Hampden, Maine. The court takes notice of its earlier Judgment.

The parties have filed numerous claims. The Plaintiff's Second Amended Complaint alleges trespass against Patrick Audet (Count I), injunctive relief (Count II), declaratory judgment (Count III), trespass against Kenneth Wentworth (Count IV), injunctive relief (Count V), and declaratory judgment (Count VI). Patrick Audet's counterclaim requests a declaratory judgment (Count I), trespass (Count II), and nuisance (Count III). Kenneth Wentworth's counterclaim seeks a declaratory judgment (Count I), alleges trespass (Count II), and nuisance (Count III), interference with use of right of way (Count IV). Kenneth Wentworth's Third Party Complaint asserts interference by Robert Dixon with his rights in a right of way (Count I), seeks declaratory judgment (Count II), trespass (Count III), nuisance (Count IV), harassment (Count V). Patrick Audet, Jr., alleges in his Third Party Complaint declaratory judgment (Count I), trespass (Count II), nuisance (Count III), harassment (Count IV).

Robert Dixon was defaulted at the Trial Management Conference, but was allowed to testify and participate at trial.

At the heart of the parties' dispute is the use of easements over the so-called Hill House Road. Although no legal document definitively establishes the location, dimensions, or name of the "Hill House Road," the parties are generally in agreement that it is an unpaved driveway in the shape of a horseshoe which tracks the perimeter of much of the property at issue here and connects at each end to Route 1A in Hampden, Maine. In accordance with the parties stated intent to refer to this traveled way as the Hill House Road, the court will do so herein.

Although the parties dispute the particular location and dimension of the Hill House Road as it circumnavigates the rear of the properties, the principal point of dispute centers on the width of the road as it connects with Route 1A in the vicinity of the Bamford/Robotaille property and the "duplex" house on Dixon's property (described below as the "southernmost terminus" of the Hill House Road). Plaintiff and Third Party Defendant assert that the width of the Hill House Road at that point is approximately twenty feet; Defendants assert that it is closer to forty feet.

The parties have accused each other of attempting to improperly widen or narrow the Hill House Road. Claims and cross-claims of trespass, nuisance and harassment are grounded in the assertions of these allegedly improper actions.

The properties at issue here are served by three points of access from Route 1A: both ends of the Hill House Road and a small driveway located between the Hill House termini. Numerous witnesses including Carolyn Gilbert, Robert Dixon, Elizabeth Nadeau, Sylvia Johnson, Robert Jazowski, Rebecca Malone, John Mallone, and Maurice Robotaille testified that southernmost terminus of the Hill House Road was historically a very narrow (two car width), overgrown and rutted way which narrowed as it passed further into the property. Within the last decade or so, this terminus has widened to the point where it is more than thirty feet in width. Defendants assert that Robert Dixon has undertaken artificial means to constrict the road in this vicinity.

The parties' requests for declaratory judgment ask the court to determine the location and width of the Hill House Road. Such determinations are questions of law.

In reviewing the evidence here, the court is benefitted by the survey of prepared by Gregory W. Crispell (Plaintiff's Exhibit 5). The court finds his reasoning to be sound and his computations accurate. Based upon this, and the evidence as noted above, the court concludes that the southernmost terminus of the Hill House Road is 20.05' in width and the location of the Hill House Road is otherwise as noted in his survey.

The court has reviewed the evidence of the parties advanced in support of their several claims for trespass, nuisance and harassment, and cannot conclude that any have sustained their burdens of proof.[1] As such, Judgment will be rendered in favor of the party defending each claim.

Accordingly, the Clerk shall enter Judgment as follows:

**As a declaratory Judgment, the court hereby declares that the boundaries and location of any easement serving or burdening any property of the parties subsumed within the so-called Hill House Road shall be defined by the Standard Boundary Survey of Gregory W. Crispell dated January 24, 1999, entered as Plaintiff's Exhibit #5 in this matter.**

---

[1] - Indeed, even if the requisite burdens of proof were met upon the principal claims, the court could not find entitlement to anything beyond nominal damages in each instance.

Judgment is granted on claims for money damages in favor of the party defending such claims.

Injunctive relief is granted as follows: no party shall obstruct or otherwise interfere with existing easement which is clarified by the declaratory judgment noted above.

The court declines to enter an award of costs.

The Clerk may incorporate this Order into the docket by reference pursuant to M.R.Civ.P Rule 79 (a).

Dated:  December 11, 2002

_____
JUSTICE, SUPERIOR COURT

Date Filed ___3/12/98_____ _____PENOBSCOT_____ Docket No. ____RE-98-14____

County

TITLE TO REAL ESTATE INVOLVED

**THIRD PARTY COMPLAINTS**

Action ___CIVIL-REAL ESTATE_____

Assigned to Justice Francis C. Marsano TITLE TO REAL ESTATE IS INVOLVED
**RE-ASSIGNED TO JUSTICE ANDREW M. MEAD**

*Carolyn Gilbert, substituted for
Mary Dixon - 12/6/99

JOHN J. FEARON - added 7/21/00
KENNETH WENTWORTH - added 4/2/98

*MARY A. DIXON,                    vs.        PATRICK L AUDET, JR.,

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Largay Law Offices, P.A.<br>293 State Street<br>Bangor, Maine 04401<br>By: Christopher Largay, Esq. ) W/D 3/24/99<br>    & Joseph Pickering, Esq. ) | ~~Rudman & Winchell, LLC~~ Weeks & Baber<br>~~84 Harlow Street, PO Box 1401~~ 304 Hancoc<br>~~Bangor, Maine 04402-1401~~ Street, Suite<br>BY: Brett D. Baber, Esq. Bangor, Maine<br>FOR: Patrick L. Audet, Jr.       04401 |
| MARY DIXON, pro se   (5/7/99)<br>692 Main Rd North, Hampden, ME 04444 | MARTHA HARRIS, ESQ.<br>P O BOX 1451<br>BANGOR, ME  04402-1451<br>For:  Kenneth J. Wentworth (a/o 6/23/98) |

| Date of Entry | CHARLES GILBERT, ESQ.<br>P O BOX 2339, BANGOR ME 04402-<br>FOR: Pers Rep of Est of Mary Dixon | EDWARD C RUSSELL ESQ<br>145 EXCHANGE ST., BANGOR ME 04401-6505<br>For: John Fearon |
|---|---|---|

| | | |
|---|---|---|
| 3/12/98 | Complaint filed.  Exhibi | |
| 3/12/98 | Affidavit of Robert Dixo | |
| 3/12/98 | Motion for Temporary Rest | |
| 3/12/98 | File presented to Chief J<br>Temporary Retraining Orde | |
| 3/12/98 | File returned by Chief Justice Kravchuk.  Order to issue. | |
| 3/12/98 | Order filed.  The Court has reviewed the ex parte request for a Temporary Restraining Order filed by Plaintiff.  This Court sees no reason why notice should not be attempted in this case prior to the Court acting on the TRO.  Therefore, counsel for the Plaintiff is directed to notify Patrick L. Audet, Jr., by the best available means, including oral notification or service of this order, that this matter will be presented to this Court for consideration on the request for a Temporary Restraining order at 3:00 p.m. on March 12, 1998, and that Audet or his counsel may appear and be heard at that time.  (Kravchuk, CJ.)  Copy forwarded to Plaintiff's attorney. | |
| 3/12/98 | Case File Notice and Pretrial Scheduling Statement and Jury Demand forwarded to Plaintiff's attorney. | |
| 3/12/98 | Hearing on Temporary Restraining Order had.  Margaret J. Kravchuk, Justice; Carolyn Choquet, Courtroom Clerk; Electronic Recording Tape #470 (#561 - 1565)  Plaintiff was represented by Counsel; Defendant appeared pro se.  Order issued. | |
| 3/12/98 | Order filed.  It is ORDERED that the Defdant Patrick L. Audet, Jr. be enjoined from taking any of the following actions: 1. Driving the Defendant's vehicles over a strip on the eastern side of the existing | |